UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E.K. WADE,

        Plaintiff,

    v.

WILLIAM H. ALSUP, et al.,

        Defendants.

Case No.  3:26-mc-80189-JSC

**ORDER CONDUCTING PRE-FILING REVIEW AND BARRING FILING**

Re: Dkt. No. 1

Plaintiff E.K. Wade seeks permission to re-open 24 closed cases and vacate the orders in each case, claiming the orders in these cases constitute fraud on the court and therefore warrant relief under Federal Rule of Civil Procedure 60(d)(3).  (Dkt. No. 1; Dkt. No. 1-2.[1])  Plaintiff also seeks declaratory judgments and trillions of dollars in damages from the judicial officers and government attorneys involved in these prior actions.  (Dkt. No. 1-2 at 36-47.)  Plaintiff has filed numerous frivolous lawsuits in the Northern District of California and is subject to two pre-filing orders.  *See Wade v. Gilliland*, Case No. 3:10-cv-00425-WHA, Dkt. No. 100 at 4; *Wade v. United States*, Case No. 3:06-cv-02346-CRB, Dkt. No. 55.

The Court construes Plaintiff's filing as a new complaint seeking damages and declaratory relief.  *See, e.g.*, *Wade v. US Court of Appeals – Ninth Circuit Executive*, No. 24-mc-80199-AMO, Dkt. No. 8 (construing similar filing as a new complaint and determining it was barred by the *Gilliland* pre-filing order).  As the duty judge when Plaintiff filed this action, the Court must determine whether this new action may be filed.  Having reviewed the filing, the Court DENIES Plaintiff's request to file this action and re-open these cases.

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

The *Gilliland* pre-filing order requires Plaintiff to "seek leave from this Court before filing any additional complaints against the Department of Labor, any of its employees, or against the United States or any other government official in connection with his disputes with the DOL, stemming from his prior employment in the Office of Federal Programs Contract Compliance." *Gilliland*, Case No. 3:10-cv-00425-WHA, Dkt. No. 100 at 4. Plaintiff's current filing falls within the scope of the *Gilliland* pre-filing order. Plaintiff seeks to challenge the orders issued in *Gilliland*, as well the numerous orders issued in actions filed after *Gilliland* concluding his claims were subject to the *Gilliland* pre-filing order. Plaintiff's current filing simply regurgitates the unsuccessful arguments he made in these prior actions, including in the multiple motions to reopen he filed in the *Gilliland* action, and the filing does not state a cognizable claim for relief. The Ninth Circuit Court of Appeals recently affirmed the district court's order denying Plaintiff's ninth motion to reopen and vacate the *Gilliland* pre-filing order. *See Wade v. Gilliland*, No. 25-6648, Dkt. No. 18 (9th Cir. Mar. 23, 2026 Order). Plaintiff's claims are also not cognizable as the federal judges named in his filings are absolutely immune from civil suit. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[G]enerally, a judge is immune from a suit for money damages."); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts.").

As Plaintiff's current filing does not state a potentially cognizable claim, his request to file the proposed new action and/or reopen the previously dismissed actions is DENIED. The Clerk is directed not to accept Plaintiff's documents for filing.

**IT IS SO ORDERED.**

Dated: June 29, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

2